UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AHMED BABWE,

Petitioner,

v.

MARKWAYNE MULLIN,

Respondent.

Case No. 2:26-cv-02797-TLF

ORDER TO SHOW CAUSE FOR SUBJECT MATTER JURISDICTION

Petitioner, through counsel, filed this petition for the writ of habeas corpus. Dkt 1. Petitioner has identified the following respondents:

- MARKWAYNE MULLIN, In His Official Capacity As Secretary Of The United States Department Of Homeland Security; and
- TODD BLANCHE, In His Official Capacity As Attorney General Of The United States.

However, the warden of the Northwest ICE Processing Center/Tacoma Northwest Detention Center ("NWIPC") is Bruce Scott.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

577 (1999) (citation modified). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Indeed, "core habeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). If a petitioner fails to do so, the district court lacks jurisdiction over the petition. *Id.* at 1195–97. The warden, Bruce Scott, is the proper respondent in this matter.

To clarify the record, the petitioner is ordered to show cause within 7 business days of the filing of this order, as to whether he will make a motion to add as a respondent, the warden of the facility where he was detained at the time he filed his habeas corpus petition. If the petitioner files a motion to add the warden as a respondent, then he need not take further action on the order to show cause. If the motion is not filed on or before 7 business days after the filing of this order, the Court will dismiss this case without prejudice.

Dated this 18th day of August, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge